UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY NAVARRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5981** |
| **N. BURL CAIN, WARDEN** | **SECTION "I"(4)** |

## TRANSFER ORDER

Petitioner, Gregory Navarre, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1978 state court conviction and sentence for aggravated rape. To support his challenge, petitioner asserts two primary grounds for relief:

(1)   his plea of guilty was not voluntarily made because he was not advised of his right against self-incrimination; and

(2)   counsel provided ineffective assistance when he was not prepared for trial and when he advised petitioner to enter the guilty plea to avoid the death penalty, which was not a proper penalty.

A review of this Court's records reflects that petitioner filed two prior petitions for issuance of a writ of habeas corpus related to this same conviction and sentence. In his first petition, entitled Navarre v. Butler, Civil Action 89-0010"L"(4), Navarre alleged that his plea of guilty was not voluntarily entered because the state trial court failed to advise him that he was waiving his right to

against self-incrimination. The petition was dismissed with prejudice on the merits by Judgment issued July 20, 1989. Navarre did not appeal that judgment.

In his second petition entitled <u>Navarre v. Cain</u>, Civ. Action No. 95-3891"L"(4) and filed January 16, 1996, Navarre raised three grounds for relief:

    (1)    the conviction was involuntarily entered without having been advised of the privilege against self-incrimination;

    (2)    he was denied effective assistance of counsel when counsel misrepresented the consequences of a jury trial and in failing to lodge an appeal; and

    (3)    the Louisiana Supreme Court erred in denying his post-conviction under La. Code Crim. P. art. 930.8.

By Order and Judgment issued June 18, 1996, the Court denied the first two claims as prohibited second or successive claims pursuant to former Rule 9(b) of the Rules Governing Section 2254 Cases, and denied the third claim as meritless. On March 24, 1997, the United States Fifth Circuit Court of Appeals in No. 96-30992 denied issuance of a certificate of appealability finding that Navarre failed to meet the cause and prejudice standards for filing a second or successive petition under former Rule 9(b).

The petition presently before the Court is also considered to be a second or successive petition as described by the current version of 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim or petition, the petitioner must establish one of the following exceptions:

    1)    the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and

       (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the instant petition can be considered by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Gregory Navarre's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this __8th__ day of October, 2013.

                                                          UNITED STATES DISTRICT JUDGE